# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMON FOX, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No 1:16-cv-0521-WTL-MJD ) |
| SUPERINTENDENT, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Ramon Fox for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-11-0128. For the reasons explained in this entry, Mr. Fox's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On November 12, 2015, Lt. C. Kent wrote a Report of Conduct in case IYC 15-11-

0128 charging Mr. Fox with assault/battery. The Conduct Report states:

> On 11/12/2015 I Lt. C. Kent completed my Report of Investigation on offender Lawson, Calvin #190062. It was found on the camera system on 10/19/2015 at approximately 5:38 pm of G-Unit Middle bed area camera that Offender Lawson had been engaged in a verbal confrontation with Offender Cox, Recole #117225. After several minutes Offender Cox along with the following offenders Fox, Ramon # 932844, Coleman Demetrius #163662, Smith, Raymond #132440, and Keeylen, Kenneth # 911471, began to strike offender Lawson in the facial and body region with close handed fist. The fight continued in the middle bed area and then moved down the bed area rows and lasted for approximately 10-15 minutes.

[Dkt. 9-1].

The Investigation Report states:

> On 10-21-2015 I Lt. C. Kent began investigating an assault that took place on 10-19-2015, that involved Offender Lawson, Calvin #196062. Offender Lawson had been found on 10/20/2015 with abrasions and contusion on his facial region. During the review of the camera for G-Unit Middle beginning at 5:38pm the following Offenders Cox, Recole #117225, Fox, Ramon # 932844, Coleman, Demetrius #163662, Smith, Raymond #132440, and Keeylen, Kenneth #911471 were found to begin arguing with Offender Lawson and then began to assault him. The fight started in the middle of G-Unit bed area and continued down rows 3 and 4 toward the back. While reviewing the camera at the same time and in the same location Offender Isaacs, Elijah #238167 can be seen being assaulted by Offender Yates, Kevin #198425 G2 2U, Harris, Gary #249033, Forest, Antonio #149813, and Bowling, Steven #113869 by striking him with closed fist in the facial and body region. After monitoring the cameras for the bed area I began to monitor the camera for the latrine area when Offender Isaacs can be seen passing by Offender Kelly, Travis #194195. The 2 offenders had a short conversation and then moved toward the sink area where offender Kelly is observed striking offender Isaacs multiple times and then they separate and walk away. Offender Lawson is then seen stumbling in to the latrine area and attempted to exit through the dayroom when offender Carson, Anthony #178561 began pushing and pulling the offender away from the door and in to the shower not allowing the offender to exit the dorm. During questioning of the offenders involved in the assault, none of them would admit to anything taking place and or what the assault was over. Offender Isaacs claims that he was just sticking up for Lawson and that what happened was wrong. When questioning offender Lawson he claims that the other accused him of stealing a package but they had the wrong guy.

[Dkt. 9-2, at pp. 1-2].

On November 17, 2015, Mr. Fox was notified of the charge and was given a copy of the Conduct Report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested Offender Lopez as a lay advocate and requested Offenders Calvin Lawson, Elijah Issaacs, and K. Harris as witnesses. He also requested the video of the fight. He alleges it would show he did not touch Offender Lawson. [Dkt. 9-4].

Offender Lawson provided a statement that he was not assaulted or threatened by Mr. Fox. He stated that Mr. Fox was trying to assist him and lend him a helping hand for what he told staff was a bee sting. [Dkt. 9-6].

Offender Isaacs provided a statement that Mr. Fox attempted to deescalate the situation because he did not want anyone in trouble and wanted to keep everyone in the dorm safe. [Dkt. 9-7].

Offender K. Harris provided a statement that he did not know if Mr. Fox was attempting to stop the fight or not. [Dkt. 9-8].

The Hearing Officer reviewed the video evidence and provided a report of disciplinary hearing video/phone evidence review statement that states:

> Camera Reviewed – G Unit latrine/G Unit Middle
>
> Date – 11/20/15
>
> Time – 3:30 PM
>
> On the date and time above, I DHO I. Faudree reviewed the G Unit latrine/G Unit middle cameras for an incident that occurred on 10/19/15. After reviewing the cameras I clearly observe at 5:39:52PM Offender Fox #932844 and Offender Lawson #196062 walk in the G Unit bed area. At 5:40PM Lawson is surrounded by a group of offenders and they start arguing with Lawson. At 5:42:47PM I clearly observe Offender Keeylen # 911471 strike Lawson in the face with his fist. Offender Coleman #163662 then strikes Lawson in the head with his fist. Once Lawson is hit he falls to the ground. At 5:42-55PM Fox is clearly observed kicking Lawson with his left and right feet all over his body. At 5:42:57PM Coleman is clearly observed striking Lawson with his left and right fist multiple time. At

5:43PM the offenders go out of view of the camera. At 5:44;52PM Lawson enters the latrine. At 5:44:58PM Lawson tries to leave the latrine is met and pushed onto the ground by Offender Carson #178561. Carson does this numerous times until 5:45:07PM.

[Dkt. 9-9].

After a postponement, the hearing officer conducted a disciplinary hearing in case IYC 15-11-128 on December 15, 2015. At the hearing Mr. Fox provided the following statement: "Nothing to say. It was a mistake." [Dkt. 9-11]. The Hearing Officer found Mr. Fox guilty of the charge of assault and battery. In making this determination, the Hearing Officer considered the staff reports, the offender's statement, evidence from witnesses, and the video. Based on the Hearing Officer's recommendations the following sanctions were imposed: thirty (30) days of lost commissary, phone, and JPay privileges; a demotion from credit class 1 to credit class 2, suspended; and a credit time deprivation of sixty (60) days. The hearing officer recommended the sanctions because of the seriousness of the offense, the frequency and nature of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disputed/endangered the security of the facility. [Dkt. 9-11].

Mr. Fox appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

**C. Analysis**

Mr. Fox is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he alleges there are inconsistencies in the conduct report, video review, and investigation report which challenge the reliability of the evidence used against him; and 2) because he was not placed in segregation as a sanction, he must not have committed the crime.

Mr. Fox's first claim is a challenge to the sufficiency of the evidence. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). According to the conduct report, the investigation report, and the video review report, Mr. Fox is seen kicking and hitting Offender Lawson. The video review report specifically states, "at 5:42-55PM Fox is clearly observed kicking Lawson with his left and right feet all over his body." [Dkt. 9-9]. This evidence is sufficient to support the guilty finding. *Viens*, 871 F.2d at 1335 ("once the court has found the evidence reliable, its inquiry ends-it should not look further to see whether other evidence in the record may have suggested an opposite conclusion").

The inconsistencies that Mr. Fox alleges in the petition are not in fact inconsistencies. For

example, Mr. Fox argues that the description of the fight in the video review is simply impossible because he could not have kicked Lawson with both feet in only two seconds, as stated in the video review. The review states: "At 5:42:55PM Fox is clearly observed kicking Lawson with his left and right feet all over [Lawson's] body. At 5:42:57PM Coleman is clearly observed striking Lawson with his left and right fist multiple times." [Dkt. 9-9]. The video review only describes the beginning of Mr. Fox's battering of Lawson at 5:42:55PM. The review does not say that Mr. Fox stopped kicking Lawson when Coleman began hitting Lawson two seconds later.

Mr. Fox also notes that Offenders Lawson and Isaacs testified that he was only trying to diffuse the situation, but the Hearing Officer is not required to believe the testimony of these witnesses. *See Henderson*, 13 F.3d at 1078 ("the DHO was not required to accept as true either [the petitioner's] version of the events or that of his three witnesses"). Mr. Fox is not entitled to relief on this claim.

Next, Mr. Fox argues that he must not have committed the crime because he was not placed in disciplinary segregation which is a typical punishment for the charge of assault and battery. Segregation is not the only available punishment when an offender is found guilty of Class B assault and battery. The Adult Disciplinary Code ("ADC") states "any allowable sanction or combination of sanctions may be imposed." *See* www. in/gov/idoc/files/02-04-101. The allowable sanctions for a Class B charge are set forth in the ADC:

| SANCTION | CLASS A | CLASS B | CLASS C | CLASS D |
|---|---|---|---|---|
| Disciplinary segregation[1] | 6 months[2] | 3 months | 15 days | NONE |
| Reduction in credit class[7] | 1 grade[2] | 1 grade | NONE | NONE |
| Loss of earned credit time[7] | 6 months[3] | 3 months | NONE | NONE |
| Restriction of privileges | 45 days | 30 days | 15 days | 5 days |
| Extra work (up to four [4] hours per 24 hour period) | 20 hr | 20 hr | 20 hr | 10 hr |
| Restitution | Restitution in the amount of the loss or less. | | Up to $200.00 | NONE |
| Room Confinement[4] | | 15 days | 5 days | |
| Building Confinement[5] | | 30 days | 15 days | |
| Reprimand | Written | Written | Written | Verbal |
| Suspension from Work[6] | 30 days | 15 days | 5 days | |

Based on this, the sanctions Mr. Fox received, thirty (30) days of lost commissary, phone, and JPay privileges; a demotion from credit class 1 to credit class 2, suspended; and a credit time deprivation of sixty (60) days, are entirely consistent with the Indiana Department of Correction's Policy and Administrative Procedures. There is simply no basis for his claim that he must not have committed the crime because he was not placed in disciplinary segregation. Mr. Fox is not entitled to relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Fox to the relief he seeks. Accordingly, Mr. Fox's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**The clerk** is instructed to update the petitioner's address consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 4/20/17

*William T. Lawrence*

Distribution:

Ramon Fox, #932844
Wabash Valley Correctional Facility
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Electronically registered counsel

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**